**Karen and Roland TETREAULT v. Frederick J. GREENWOOD, et al.**

[682 A.2d 949]

No. 95-390

June 21, 1996. Plaintiffs appeal the trial court's grant of summary judgment to the attorney who represented them in the purchase of a home. The attorney allegedly issued a certificate of title without

uncovering violations of local and state permits. We affirm.

Defendant Philip Angell represented plaintiffs in their 1992 purchase of a residential property in Stockbridge. He provided a title certificate stating that the property, which was covered by a subdivision permit, appeared to be in compliance with subdivision regulations because "there is no evidence on non-compliance of record." The certificate excepted "use, zoning, and building restrictions" imposed by "statutes, ordinances and regulations" and "[a]ny facts which would be disclosed by a physical survey or inspection of the premises."

Defendant concedes that he never saw plaintiffs' property, and it is undisputed that three permit violations were discovered by plaintiffs subsequent to their purchase: (1) the location of the house violates the setback required by the local permit, (2) the water supply well is too close to the road and the house, and (3) the leach field sits too close to the house and the well.

Defendant moved for summary judgment, arguing that his conduct fell within the degree of care commonly exercised by reasonable lawyers in Vermont and adding that "if there were any actionable malpractice on the part of this defendant, which is denied, it is not so apparent that it may be understood by a lay trier without the aid of an expert." Plaintiffs did not file an affidavit or representation from any expert concerning the duty or standard of care required of an attorney in certifying title or ascertaining compliance with permit conditions. The court granted defendant's motion and denied plaintiffs' cross-motion for summary judgment and motion for reconsideration. The present appeal followed.

Plaintiffs argue that defendant was negligent in failing to advise them of the existence and significance of the state and local permits, contending that it was not necessary for defendant to conduct a field inspection to discover this information. Whether defendant should have discussed and explained the general role of state and local permits in Vermont — a question we do not address — is not the theory plaintiffs advanced to the trial court as the basis of defendant's liability. Plaintiffs' complaint and cross-motion for summary judgment were based on the different proposition that defendant failed to discover and advise them that the property did not comply with state and municipal regulations and that these were encumbrances against the property.

It is well settled that a party opposing summary judgment must inform the trial court of legal and factual reasons for the opposition, at risk of losing the motion and waiving the unvoiced reasons on appeal. *Fitzgerald v. Congelton*, 155 Vt. 283, 295, 583 A.2d 595, 602 (1990). Our review is thus limited to the question confronting the trial court: whether defendant should have discovered the permit violations, and correlative thereto, whether expert testimony should have been required to establish defendant's liability for failure to discover and disclose permit violations not of record.

Defendant contends that it would have taken a field inspection to discover the permit violations and that the degree of care commonly exercised by reasonable attorneys in Vermont does not call for a field inspection by the buyers' attorney. Plaintiffs do not argue that defendant was required to perform a field inspection, nor do they advance any other theory to support their claim of liability. Further, plaintiffs failed to counter defendant's evidence that it is not the practice of Vermont attorneys to make field inspections when certifying title. Absent expert testimony that defendant failed to adhere to the standard of care commonly exercised by Vermont attorneys, plaintiffs effectively conceded the issue.

*Affirmed.*