2007 ND 104

**Loretta SCHEER, Plaintiff and Appellant**

v.

**ALTRU HEALTH SYSTEM and Leslie Sullivan, M.D., Defendants and Appellees.**

**No. 20060333.**

Supreme Court of North Dakota.

June 26, 2007.

Rehearing Denied July 25, 2007.

Richard A. Clapp (on brief) and Sarah S. Barron (argued), Pearson Christensen & Clapp, PLLP, Grand Forks, N.D., for plaintiff and appellant.

Randall S. Hanson (argued) and Donna M. Smith (appeared), Camrud, Maddock, Olson & Larson, Ltd., Grand Forks, N.D., for defendants and appellees.

SANDSTROM, Justice.

[¶ 1] Loretta Scheer appeals a district court judgment dismissing her professional negligence claim without prejudice for failing to timely serve an expert affidavit within the three-month statutory period. Section 28–01–46, N.D.C.C., provides an exception to dismissal, but only for good cause shown by the plaintiff. Concluding that a plaintiff may move for good cause as late as in response to the defendant's motion to dismiss, we reverse and remand to the district court to decide whether Scheer has shown good cause for an extension.

I

[¶ 2] Suffering abdominal pain, Scheer sought treatment at Altru Health System in February 2004. On March 4, 2004, Leslie Sullivan, M.D., operated on Scheer's gallbladder at an Altru Health System facility. Scheer was discharged the next day; however, according to Dr. Sullivan's treatment notes, later that evening Scheer had "crampy abdominal pain" and "felt something pull." Scheer notified Dr. Sullivan of these symptoms on March 8, 2004. On March 10, 2004, Dr. Sullivan surgically explored the site and then placed a drain in Scheer's bile duct. Apparently after further problems, Scheer was transferred first to a Fargo hospital and later, on March 12, 2004, to Mayo Clinic, where doctors informed her that part of her bile duct had been surgically removed.

[¶ 3] About two years later, on March 13, 2006, Scheer served Dr. Sullivan with a complaint, claiming Sullivan had negligently performed the gallbladder operation. The complaint was filed in the district court on March 9, 2006. Scheer contends she served Altru Health System on March 9, 2006, and although Altru had contended the service was improper, it is not cross-appealing on that ground. Therefore, for purposes of this appeal, Altru was served on March 9, 2006.

[¶ 4] On July 12, 2006, Dr. Sullivan and Altru moved to dismiss because of Scheer's alleged failure to serve them with an admissible expert affidavit, which is required under section 28–01–46, N.D.C.C. That motion was filed with the district court on July 17, 2006. Also on July 17, Scheer sent Altru and Sullivan Dr. Jeffrey Snow's March 1, 2006, letter containing his opinion that the operation had fallen below the standard of care. On July 17, 2006, Scheer also requested more time to respond to the motion to dismiss. On July 24, 2006, the district court granted Scheer's request for more time to respond to the motion to dismiss. On August 15, 2006, Scheer responded:

Defendants' motion to dismiss for Plaintiff's failure to serve the expert medical opinion required by N.D.C.C. 28–01–46 within three months of com-

mencement of this action should be denied because this court's scheduling order has in effect extended the deadline for Plaintiff to disclose its expert until January 31, 2007, or, alternatively, because Plaintiff's failure to timely serve the expert report was the result of excusable neglect which has not prejudiced Defendants or the court; because dismissal of Plaintiff's complaint would not further the purposes of N.D.C.C. § 28–01–46, reducing the number of frivolous law suits; and because enforcement of the dismissal provision of N.D.C.C. § 28–01–46 as applied to the facts of this case violates due process.

[¶ 5] On August 25, 2006, Scheer served Altru and Sullivan with Dr. Snow's affidavit containing his opinion. According to Dr. Snow's affidavit, "the operation performed by Dr. Sullivan was below the standard of care. The common bile duct was mistaken for the cystic duct and it was cut and clipped instead of cutting and clipping the cystic duct."

[¶ 6] On October 17, 2006, the district court dismissed Scheer's lawsuit without prejudice because she failed to timely serve the expert affidavit. In dismissing the suit, the district court followed an Eighth Circuit Court of Appeals' opinion that had interpreted the 1997 version of section 28–01–46:

> [A]ccording to the 8th Circuit, the trial court can only grant [Scheer]'s good cause motion if she filed that motion prior to Defendant filing a Motion to Dismiss for failure to obtain an expert opinion within three months. *Weasel v. St. Alexius Medical Center*, 230 F.3d 348, 353 (8th Cir.2000)....
>
> ... At the latest, Ms. Scheer's three-month time period expired on June 13, 2006, and Defendants filed their Motion

to Dismiss on July 17, 2006. Even if Ms. Scheer has provided good cause for an extension, her request for an extension came too late.... Hence, the court is bound by the legislative intent of N.D.C.C. § 28–01–46, and Ms. Scheer's claim must be dismissed without prejudice.

Scheer appeals the district court judgment of dismissal.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 8] Scheer contends the district court's judgment of dismissal is appealable because she will be prevented from relitigating her claim upon a finding that the three-month period has lapsed.

[¶ 9] " '[A] dismissal without prejudice is ordinarily not appealable.' " *Jaskoviak v. Gruver*, 2002 ND 1, ¶ 8, 638 N.W.2d 1 (quoting *Rodenburg v. Fargo–Moorhead YMCA*, 2001 ND 139, ¶ 12, 632 N.W.2d 407). "However, a dismissal without prejudice may be final and appealable if the plaintiff cannot cure the defect that led to dismissal, or if the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum." *Rodenburg*, at ¶ 12 (citations omitted).

[¶ 10] As amended by the 2005 legislative assembly,[1] section 28–01–46, N.D.C.C., currently provides, in part:

> Any action for injury or death alleging professional negligence by a physician, ... hospital, ... *must be dismissed without prejudice* on motion *unless* the plaintiff serves upon the defendant an

---

1. 2005 N.D. Sess. Laws ch. 280, § 1.

*affidavit* containing an admissible expert opinion to support a prima facie case of professional negligence *within three months of the commencement of the action*. The court may set a later date for serving the affidavit for good cause shown by the plaintiff.

(Emphasis added.)

[¶ 11] The three-month period operates within the confines of a two-year statute of limitations for medical malpractice claims. *See* N.D.C.C. § 28–01–18(3) (providing a two-year statute of limitations). Section 28–01–18(3) "is silent on when an action accrues, and consequently the determination of when an action accrues is an issue for the court." *Schanilec v. Grand Forks Clinic, Ltd.*, 1999 ND 165, ¶ 11, 599 N.W.2d 253 (citing *Baird v. American Medical Optics*, 155 N.J. 54, 713 A.2d 1019, 1025 (1998)). "[T]he two-year statute of limitations begins to run when the plaintiff knows, or with reasonable diligence should know, of (1) the injury, (2) its cause, and (3) the defendant's possible negligence." *Schanilec*, at ¶ 12 (citations and internal quotations omitted); *see also Hoffner v. Johnson*, 2003 ND 79, ¶ 11, 660 N.W.2d 909 ("The occurrence of the negligent act and the injury to the plaintiff will not always be concurrent, and in such cases the cause of action does not accrue until the injury has occurred and manifested itself.").

[¶ 12] In *Van Klootwyk v. Baptist Home, Inc.*, we concluded: "Although the action was dismissed without prejudice, because the statute of limitations has run on Van Klootwyk's claims, the dismissal effectively forecloses further litigation of the claims in this state, and therefore, the judgment and amended judgment are appealable." *Van Klootwyk*, 2003 ND 112, ¶ 7, 665 N.W.2d 679.

[¶ 13] In this case, although Dr. Sullivan and Altru moved for summary judgment for Scheer's alleged failure to bring her claim within two years of having discovered her injury, the district court denied the summary judgment motion and reasoned:

The possibility that reasonable minds could differ is evidenced by the fact that Defendant Altru believes all reasonable minds would agree that if an individual experiences pain for three days after surgery he/she is on notice that a possible malpractice claim exists from that surgery. On the other hand, Plaintiff contends that just experiencing pain after surgery is insufficient in itself to suggest to an ordinary individual that he/she has an injury and a possible malpractice claim exists. Hence, summary judgment should be denied because there is a genuine issue of material fact in dispute as to when Ms. Scheer knew or should have discovered her injury.

[¶ 14] Scheer's brief states that "it is undisputed that [she] knew of her injury and its cause by March 12, 2004, since her precise injury . . . was diagnosed at the Mayo Clinic on March 12, 2004." Thus it appears that the dismissal of this case had the practical effect of terminating the litigation.

### III

[¶ 15] Scheer contends the district court erred in its interpretation of section 28–01–46, because "nowhere does the language of N.D.C.C. § 28–01–46 provide that good cause by the plaintiff must be shown before the three month period expires or that the plaintiff must ask for an extension before the defendant moves to dismiss." Scheer also contends that "[s]ince the trial court did not specifically consider whether the [plaintiff] Scheer had good cause for an extension . . . this court should remand this case . . . for consideration of this issue."

[¶ 16] "Statutory interpretation is a question of law, fully reviewable on appeal." *Ballensky v. Flattum–Riemers,* 2006 ND 127, ¶ 22, 716 N.W.2d 110. "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." N.D.C.C. § 1–02–02.

> Words and phrases must be construed according to the context and the rules of grammar and the approved usage of the language. Technical words and phrases and such others as have acquired a peculiar and appropriate meaning in law, or as are defined by statute, must be construed according to such peculiar and appropriate meaning or definition.

N.D.C.C. § 1–02–03. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. "A federal district court decision interpreting North Dakota law is not binding upon North Dakota courts. We will, however, respect a federal district court opinion if it is persuasive and based upon sound reasoning." *N.D. Fair Housing Council, Inc. v. Peterson,* 2001 ND 81, ¶ 45, 625 N.W.2d 551; *see also* 2 Norman J. Singer, *Sutherland Statutory Construction,* § 37:4 (6th ed. 2001) ("State appellate courts are not bound to follow statutory interpretations of federal district courts.").

[¶ 17] Section 28–01–46, N.D.C.C., provides:

> Any action for injury or death alleging professional negligence by a physician, nurse, hospital, or nursing, basic, or assisted living facility licensed by this state or by any other health care organization, including an ambulatory surgery center or group of physicians operating a clinic or outpatient care facility, *must be dismissed without prejudice on motion unless the plaintiff serves upon the defendant an affidavit containing an admissible expert opinion to support a prima facie case of professional negligence within three months of the commencement of the action. The court may set a later date for serving the affidavit for good cause shown by the plaintiff.* The expert's affidavit must identify the name and business address of the expert, indicate the expert's field of expertise, and contain a brief summary of the basis for the expert's opinion. *This section does not apply to* unintentional failure to remove a foreign substance from within the body of a patient, or performance of a medical procedure upon the wrong patient, organ, limb, or other part of the patient's body, or *other obvious occurrence.*

N.D.C.C. § 28–01–46 (emphasis added).

[¶ 18] "A civil action is commenced by the service of a summons." N.D.R.Civ.P. 3. "A dismissal 'without prejudice,' means that no right or remedy of the parties is affected, the use of the phrase simply shows that there has been no decision of the case upon the merits, and prevents the defendant from setting up the defense of res adjudicata." *Interest of C.M.,* 532 N.W.2d 381, 382 (N.D.1995) (citations and internal quotations omitted). The expert affidavit must support a prima facie case for professional negligence, which we have defined as: "expert evidence establishing the applicable standard of care, violation of that standard, and a causal relationship between the violation and the harm complained of." *Van Klootwyk,* 2003 ND 112, ¶ 20, 665 N.W.2d 679 (citing *Larsen v. Zarrett,* 498 N.W.2d 191, 192 (N.D.1993)).

[¶ 19] Section 28–01–46, N.D.C.C., creates an affirmative defense. *See Van Klootwyk,* 2003 ND 112, ¶ 10, 665 N.W.2d 679

(The purpose of N.D.C.C. § 28–01–46 is to screen out unsupported professional negligence claims at the earliest stage of litigation.); *see also* N.D.R.Civ.P. 8(c) ("a party shall set forth affirmatively ... an ... affirmative defense").

[¶ 20]   Section 28–01–46, N.D.C.C., has two exceptions: (1) the time to serve the expert affidavit may be extended for "good cause" shown by the plaintiff;[2] and (2) if the injury is an obvious occurrence, then no expert affidavit is required.   Scheer does not contend her bile duct injury was an obvious occurrence. *See, e.g., Larsen v. Zarrett*, 498 N.W.2d 191, 195 (N.D.1993) (cases that involve "technical surgical procedures" are generally "beyond the understanding of a layperson").

[¶ 21]   Before the expiration of the section 28–01–46 three-month period, the court may either grant or deny a plaintiff's request for more time to serve the expert affidavit. *See* N.D.C.C. § 28–01–46 ("The court *may* set a later date for serving the affidavit for good cause shown by the plaintiff.") (emphasis added).   If the court concludes good cause has not been shown, however, it cannot grant the extension.

[¶ 22]   After the expiration of the three-month period—absent an extension—the case is eligible for dismissal without prejudice.   As the plain language provides, the statute's dismissing effect is triggered by the defendant's motion to dismiss.   This is evidenced by the language *"must* be dismissed without prejudice *on motion."   See* 1997 N.D. Sess. Laws ch. 272, § 1 (changing "is dismissable" to "must be dismissed without prejudice").   If the defendant has moved for dismissal of the eligible case and good cause has not been shown by the plaintiff, then the trial court must dismiss the case without prejudice.   If the defendant fails to assert its

affirmative defense by failing to file its pretrial motion to dismiss, the case proceeds to trial.

[¶ 23]   The plain language of the statute does not, however, provide when or how a plaintiff can show good cause for additional time to serve the expert affidavit and thus avoid dismissal.   *But see Weasel v. St. Alexius Medical Center*, 230 F.3d 348, 353 (8th Cir.2000) (interpreting section 28–01–46 to require the plaintiff to show good cause before the three-month period expires and before the defendant moves to dismiss).   A plaintiff may not show good cause after the case has been dismissed, because there would no longer be a pending case.   Further, there would be no need to show good cause for an extension to serve the expert affidavit at trial.   "Section 28–01–46 is clearly intended to apply only pre-trial .... [it] does not apply once the trial has begun." *Greenwood v. Paracelsus Health Care Corp.*, 2001 ND 28, ¶¶ 9–10, 622 N.W.2d 195 (concluding that a plaintiff's failure to comply with section 28–01–46 cannot support a defendant's motion for a judgment as a matter of law under N.D.R.Civ.P. 50).

[¶ 24]   Section 28–01–46 contains no requirement that a defendant move for dismissal immediately after the three-month period has lapsed.   If the plaintiff shows good cause for an extension prior to the court's ruling on the defendant's motion to dismiss, the court would have the plaintiff's basis for good cause before it and could then apply its discretion.   The court could either deny the motion to dismiss and grant the plaintiff more time to file the expert affidavit or dismiss the case—even if the plaintiff had indeed shown good cause.

[¶ 25]   The statute places the burden on the plaintiff to show good cause.   N.D.C.C.

2.  The dissent's analysis fails to address this    provision.

§ 28–01–46 ("good cause shown by the plaintiff"). *But see Thomas v. United States,* Civil No. 4:06–cv–031, 2006 WL 3694524, at *2 (D.N.D. Dec.13, 2006) (the court found "good cause" on its own absent an affirmative request by the plaintiff). This issue also encompasses whether a court's scheduling order may alter the three-month deadline of section 28–01–46. The scheduling conference might be a time when the plaintiff may show good cause for an extension by oral or written motion. *See* N.D.R.Civ.P. 16(a), (b), and (d) (governing pretrial conferences). Because section 28–01–46 provides the defendant with an affirmative defense, the defendant may choose not to assert it. Therefore, the defendant may agree to a different deadline for the plaintiff to serve the expert affidavit. Agreement is not necessary if the district court decides to extend the deadline for good cause shown by the plaintiff. A scheduling order must clearly reflect this agreement and specify the new deadline for serving the expert affidavit. Therefore, a generic scheduling order would not "trump" section 28–01–46. *Cf. Thomas,* 2006 WL 3694524, at *2 (leaving open the question of whether a scheduling order that did reference section 28–01–46 and did provide a new deadline for serving the expert affidavit might alter the three-month period).

[¶ 26] The exception requires the plaintiff to show good cause before the case is dismissed. *But see Weasel,* 230 F.3d at 353 (requiring the plaintiff's motion be filed before the motion to dismiss is filed). Because the defendant might file his motion to dismiss well after the three-month period lapses, and because the plaintiff has the right to respond to that motion, the latest a plaintiff could show good cause would be in response to the defendant's motion to dismiss.

[¶ 27] In this case, Scheer served her complaint on Altru on March 9 and on Dr. Sullivan on March 13, 2006. As the district court found, "[a]t the latest, Ms. Scheer's three-month time period expired on June 13, 2006. . . ." On July 17, 2006, Altru and Dr. Sullivan moved the district court to dismiss. On August 25, 2006, Scheer finally served the expert affidavit. Altru and Dr. Sullivan waited over a month after the statutory period had lapsed to assert their affirmative defense by moving to dismiss. After the court granted Scheer more time to respond to that motion, Scheer provided a response. Because the district court followed *Weasel's* interpretation of section 28–01–46, it dismissed the case without ever deciding whether Scheer had good cause. Whether Scheer's response provided good cause for an extension is a question for the trier of fact. Therefore, we reverse and remand so the trial court may consider whether Scheer has shown good cause.

[¶ 28] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, J., concur.

I concur in the result. CAROL RONNING KAPSNER, J.

CROTHERS, Justice, dissenting.

[¶ 29] I respectfully dissent.

[¶ 30] The Majority correctly recognizes that we must interpret statutes according to their plain meaning and that we not disregard the letter of the law in pursuit of the spirit. Majority opinion at ¶ 16 (citing N.D.C.C. §§ 1–02–03 and 1–02–05). However, I do not believe the Majority has followed those legislative mandates, nor the mandate in N.D.C.C. § 28–01–46, which is the controlling statute in this case.

[¶ 31] Section 28–01–46, N.D.C.C., requires that most actions for medical negli-

gence "be dismissed without prejudice on motion unless the plaintiff serves upon the defendant an affidavit containing an admissible expert opinion to support a prima facie case of professional negligence within three months of the commencement of the action." These words are clear. The statute mandates dismissal if plaintiff's complying affidavit has not been served within three months of commencement of the action.

[¶ 32] Here, an affidavit was required and Scheer did not meet the 90–day deadline. Scheer did not request an extension of time to serve the affidavit prior to defendants' motion to dismiss. Therefore, the action was properly dismissed according to the plain terms of N.D.C.C. § 28–01–46.

[¶ 33] Instead of applying the plain words of the law, the Majority expends significant time and energy discussing the perceived effect of the defendants not having immediately moved to dismiss upon expiration of plaintiff's 90–day deadline and the effect of plaintiff's motion for an extension made after defendants' motion was filed. The simple answer is that defendants who wait to file their motion to dismiss beyond 90 days waive their right to have the court strictly enforce N.D.C.C. § 28–01–46. As a result, when the defendants here did not immediately move to dismiss, Scheer was still able to serve a conforming affidavit before defendants made their motion to dismiss. However, under terms of the statute, Scheer waited at her peril to serve her affidavit beyond the 90–day deadline because she did not have a court order extending her time for compliance. The result is that the action was properly dismissed by the district court when the defendants moved to dismiss before Scheer either served her conforming affidavit or obtained an extension.

[¶ 34] Mine is not a novel approach. A nearly identical decision was reached in *Weasel v. St. Alexius Medical Center*, 230 F.3d 348 (8th Cir.2000), based on a substantially similar version of section 28–01–46, N.D.C.C. There the court stated:

Whatever the merits of their reasons for noncompliance may have been, the court could not have considered it. It *had to dismiss* the case on motion of the Appellees. If the district court could consider the request for the extension despite the request being untimely, it would render the mandatory dismissal language and the three month deadline in § 28–01–46 useless. We decline to read the statute in that fashion.

*Weasel*, at 353 (emphasis in original).

[¶ 35] I am mindful of the impact on the plaintiff if the Court adopts my interpretation of section 28–01–46, N.D.C.C. However, the result I would reach is that directed by the Legislature. In that regard, I again agree with the court in *Weasel*:

We do agree with the dissent that this case presents a set of facts that cry for compassion. But as to the legal issues presented in the case, we are bound by the intent of the legislature as expressed in the plain wording of the statute. Adopting the dissent's interpretation of the statute, however, would force this Court to substitute its judgment for that of the North Dakota legislature. We decline to embark on such an unconstitutional task.

*Id.* at 353.

[¶ 36] Daniel J. Crothers