*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-040

SEPTEMBER TERM, 2012

| | |
|---|---|
| Allen Rheaume | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Daniel Maguire | } DOCKET NO. S0001-11 CnC |

Trial Judge: Brian J. Grearson

In the above-entitled cause, the Clerk will enter:

Plaintiff, who sued his attorney for malpractice based on the representation he received at his violation-of-probation (VOP) hearing, appeals the civil division's order dismissing his case without prejudice for failing to comply with a previous discovery order requiring him to disclose an expert witness. We affirm.

Plaintiff filed the instant attorney malpractice action in January 2011, alleging that the attorney negligently represented him in a VOP proceeding. Defendant sent expert interrogatory requests to plaintiff in February 2011. Plaintiff failed to answer the interrogatories within thirty days, as required by Vermont Rule of Civil Procedure 33(a). Defendant filed a motion to compel in May 2011. On July 13, 2011, the trial court granted defendant's motion, ordering plaintiff to "provide expert disclosures by August 15 or face possible sanctions, including possible dismissal of the . . . claim."

Plaintiff failed to comply with this order. On August 17, 2011, defendant filed a motion to dismiss. On December 8, 2011, the trial court granted defendant's motion and dismissed the complaint "without prejudice" based on plaintiff's failure to disclose an expert. See Hedges v. Durrance, 2003 VT 63, ¶ 6, 175 Vt. 588 (stating that attorney malpractice action requires plaintiff to show "the negligence of the attorney measured by his or her failure to perform in accordance with established standards of skill and care"); Tetreault v. Greenwood, 165 Vt. 577, 578, (1996) (mem.) ("Absent expert testimony that defendant failed to adhere to standard of care commonly exercised by Vermont attorneys, plaintiffs effectively conceded the issue.").

On appeal, plaintiff argues that the trial court erred by dismissing his complaint without finding that he had acted in bad faith or in deliberate and willful disregard of the court's discovery order and that appellee had been prejudiced by his failure to comply with the order. Vermont Rule of Civil Procedure 37(b)(2) allows a trial court to impose sanctions for failure to comply with a discovery order, including dismissing an action. The imposition of sanctions under Rule 37(b)(2) "is necessarily a matter of judicial discretion" that is "not subject to appellate review unless it is clearly shown that such discretion as been abused or withheld." John v. Med. Ctr. Hosp. of Vt., Inc., 136 Vt. 517, 519 (1978). Notwithstanding this broad discretion, we have held "that where the ultimate sanction of dismissal is invoked, it is necessary

that the trial court indicate by findings of fact that there had been bad faith or deliberate and willful disregard for the court's orders, and further, that the party seeking the sanction has been prejudiced thereby." Id. Such findings are required "to protect against arbitrary dismissals that may violate principles of due process." In re Houston, 2006 VT 59, ¶ 17, 180 Vt. 535 (mem.). "Accordingly, we have reversed trial court orders dismissing cases or entering default judgments as discovery sanctions when the orders did not set forth findings indicating the existence of bad faith on the part of the recalcitrant party and prejudice to the other side." State v. Howe Cleaners, Inc., 2010 VT 70, ¶ 18, 188 Vt. 303.

We have stressed that the John findings are required only when the ultimate sanction of "outright dismissal or default" was imposed. Howe Cleaners, 2010 VT, ¶ 19. In this case, the trial court dismissed the case, but without prejudice, meaning that plaintiff was free to refile the same complaint upon obtaining an expert witness. See Black's Dictionary 502 (8th ed. 2004) (defining dismissal without prejudice as "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period"); see also Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."); Scheer v. Altru Health Sys., 2007 ND 104, ¶ 18, 734 N.W.2d 778 (stating that dismissal without prejudice means that "no right or remedy of the parties is affected" and that "there has been no decision of the case upon the merits" precluding defendant's res judicata defense (quotations omitted)). Hence, in a very real sense, the trial court in this case did not impose an ultimate sanction that finally resolved plaintiff's complaint by dismissing it and precluding its refiling. Because no ultimate sanction was imposed, the findings required by John were not necessary.

Although we have noted under certain circumstances "little significance to the distinction between a dismissal without prejudice and a dismissal with prejudice," Houston, 2006 VT 59, ¶ 15, in that case the effect of the dismissal without prejudice was to terminate the claimant's benefits and put him at risk of eviction from a nursing facility, thereby creating potential consequences that warranted the John findings. There are no similarly onerous potential consequences of the dismissal without prejudice in this case.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice