2017 ND 107

**Mechele M. GREENE, Plaintiff and Appellant**

v.

**Gary A. MATTHYS, M.D., d/b/a Matthys Orthopaedic Center, Defendant and Appellee**

No. 20160284

Supreme Court of North Dakota.

Filed 4/25/2017

Kerry S. Rosenquist (appeared) & Lawrence E. King (argued), 301 N. Third St., Ste. 300, Grand Forks, ND 58203, for plaintiff and appellant.

Michael C. Waller (argued), P.O. Box 2798, Bismarck, ND 58502–2798, for defendant and appellee.

McEvers, Justice.

[¶ 1] Mechele Greene appeals a district court's judgment dismissing her claim without prejudice for failure to serve an affidavit from an expert witness on Gary Matthys, M.D., within three months of commencing the action under N.D.C.C. § 28–01–46. We conclude, as to the use of the term "affidavit," N.D.C.C. § 28–01–46 is clear on its face; the statute required Greene to serve Matthys with an affidavit from an expert; and Greene has not met the requirements of N.D.C.C. § 28–01–46 as a matter of law. Therefore, we affirm the district court's judgment dismissing Greene's claim against Matthys.

I

[¶ 2] On November 27, 2013, Matthys performed a revision left total hip arthroplasty involving the femoral component, femoral head, and acetabular liner. On November 24, 2015, Greene commenced this medical negligence action in the Northeast Central Judicial District by serving a summons and complaint on Matthys. Matthys answered, denying that either he or any of his employees were the "proximate or legal cause of any alleged injury, loss or damage claimed by Plaintiff." Greene's attorney disclosed the existence of an expert witness willing to testify on Greene's be-

half in a letter to Matthys's attorney on January 25, 2016.

[¶ 3] The complaint was filed December 28, 2015, in Northeast Central Judicial District Court, Grand Forks County. On February 19, 2016, the parties stipulated and moved that venue should be changed to the East Central Judicial District Court, Cass County, because N.D.C.C. § 28–04–05 requires the action be brought in the county where the defendant resides at the time the action is commenced. The Northeast Central Judicial District Court granted the motion, and the case was transferred to the East Central Judicial District Court on February 22, 2016.

[¶ 4] On March 18, 2016, Matthys moved to dismiss Greene's claim under N.D.C.C. § 28–01–46, arguing Greene failed to provide an affidavit from an expert witness within three months of commencing this action. Greene opposed the motion, arguing several theories: the purpose of N.D.C.C. § 28–01–46 was to screen frivolous cases and her case was not frivolous because she found an expert to testify on her behalf; the intent of N.D.C.C. § 28–01–46 is not to eliminate potentially meritorious cases by a "hard and invariable application" of the statute; an expert affidavit was not required because the negligence was an "obvious occurrence;" N.D.C.C. § 28–01–46 is an affirmative defense, and Matthys waived this defense by not pleading it in his answer; N.D.C.C. § 28–01–46 did not apply because the parties entered into a scheduling order changing the deadline for disclosing expert witnesses intended to be called at trial; and Matthys was estopped from asserting the three-month deadline based on his conduct leading up to the deadline. After a May 31, 2016, hearing, the district court granted Matthys's motion to dismiss ruling the "mandate of [N.D.C.C. § 28–01–46] is clear—it requires the plaintiff to serve 'an affidavit containing an admissible expert opinion,'" Greene did not provide Matthys with an expert affidavit as required under N.D.C.C. § 28–01–46, the injury Greene suffered as a result of Matthys's alleged negligence did not fall under the "obvious occurrence" exception under N.D.C.C. § 28–01–46, and the parties were not bound by the scheduling order because their discussions only applied to experts to be called at trial, not for the requirements under N.D.C.C. § 28–01–46. Greene appeals.

II

■ [¶ 5] Within three months of commencing a medical negligence action, the plaintiff must "serve[ ] upon the defendant an affidavit containing an admissible expert opinion to support a prima facia case of professional negligence...." N.D.C.C. § 28–01–46. Greene acknowledges she did not serve an affidavit on Matthys within three months of commencing the action but contends she complied with the intent of N.D.C.C. § 28–01–46 by producing an expert opinion in her lawyer's letter to Matthys's lawyer. Greene argues the district court erred by strictly construing N.D.C.C. § 28–01–46 to require a plaintiff to serve an affidavit from an expert on a defendant in a claim of medical negligence.

■ [¶ 6] Section 28–01–46, N.D.C.C., requires a district court to dismiss an action without prejudice when a plaintiff fails to meet the requirements of this statute. "[A] dismissal without prejudice is ordinarily not appealable." Scheer v. Altru Health System, 2007 ND 104, ¶ 9, 734 N.W.2d 778 (citations omitted) (quotation marks omitted). " 'However, a dismissal without prejudice may be final and appealable if the plaintiff cannot cure the defect that led to dismissal, or if the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum.' " Id.

(quoting Rodenburg v. Fargo–Moorhead Y.M.C.A., 2001 ND 139, ¶ 12, 632 N.W.2d 407).

[¶ 7] Here, even though the district court dismissed Greene's claim without prejudice, the statute of limitations has expired on her claim. Therefore, the dismissal effectively forecloses further litigation of Greene's claims in this state, and the district court's order and judgment dismissing Greene's claim without prejudice is appealable. See Scheer, at ¶ 9; see also Van Klootwyk v. Baptist Home, 2003 ND 112, ¶ 7, 665 N.W.2d 679.

III

[¶ 8] Our standard of review of a district court's decision under N.D.C.C. § 28-01-46 may vary depending on the posture of the case before us. We do not need to address which standard of review is appropriate because Greene has not met the requirements of N.D.C.C. § 28-01-46 as a matter of law. See Haugenoe v. Bambrick, 2003 ND 92, ¶ 9, 663 N.W.2d 175; Larson v. Hetland, 1999 ND 98, ¶ 13 n. 2, 593 N.W.2d 785; Larsen v. Zarrett, 498 N.W.2d 191, 195 n. 2 (N.D. 1993).

IV

[¶ 9] Greene argues the district court erred in granting Matthys's motion to dismiss because the district court's decision does not follow the primary purpose of N.D.C.C. § 28-01-46. Greene argues the primary purpose of N.D.C.C. § 28-01-46 is to eliminate frivolous claims, her claim is not frivolous because she retained an expert prior to the three-month deadline, and the letter her attorney sent to Matthys's attorney complies with both the affidavit requirement and the purpose of N.D.C.C. § 28-01-46.

[¶ 10] "Statutory interpretation is a question of law, fully reviewable on appeal." Scheer, 2007 ND 104, ¶ 16, 734 N.W.2d 778. This Court's review for interpreting a statute is well established:

Words in a statute are given their plain, ordinary, and commonly understood meaning unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. Statutes are construed as a whole and are harmonized to give meaning to related provision. N.D.C.C. § 1-02-07. If the language of a statute is clear and unambiguous, the letter of the statute must not be disregarded under the pretext of pursuing its spirit. N.D.C.C. § 1-02-05. If the language of a statute is ambiguous, however, a court may resort to extrinsic aids to determine the intention of the legislation, including the object sought to be attained, the circumstances under which the legislation was enacted, and the legislative history. N.D.C.C. § 1-02-39. A statute is ambiguous if it is susceptible to different, rational meanings. State v. Meador, 2010 ND 139, ¶ 11, 785 N.W.2d 886.

Rasnic v. ConocoPhillips Co., 2014 ND 181, ¶ 14, 854 N.W.2d 659. Greene argues N.D.C.C. § 28-01-46 is ambiguous because it does not define "affidavit," it fails to state who must sign the expert affidavit, and it does not specify who may provide the information in the affidavit. We disagree. The plain language of N.D.C.C. § 28-01-46 explicitly requires a plaintiff to file an affidavit from an expert. The term affidavit is defined under N.D.C.C. § 31-04-02: "An affidavit is a written declaration under oath made without notice to the adverse party." The word "affidavit" appears three times in N.D.C.C. § 28-01-46:

Any action for injury or death alleging professional negligence by a physician, ... must be dismissed without prejudice on motion unless the plaintiff serves upon the defendant an affidavit contain-

ing an admissible expert opinion to support a prima facie case of professional negligence within three months of the commencement of the action. The court may set a later date for serving the affidavit for good cause shown by the plaintiff if the plaintiff's request for an extension of time is made before the expiration of the three-month period following commencement of the action. The expert's affidavit must identify the name and business address of the expert, indicate the expert's field of expertise, and contain a brief summary of the basis for the expert's opinion.

Id. (emphasis added).

[¶ 11] The first reference to "affidavit" in the statute states the affidavit must contain "an admissible expert opinion to support a prima facie case of professional negligence." Id. The "expert affidavit" language unambiguously provides that it is the expert who must provide the information in the affidavit. Additionally, this language clearly refers back to the first reference of "affidavit" in the statute, requiring it to include the expert's opinion. Therefore, the plain reading of this statute clearly and unambiguously requires a plaintiff to serve an affidavit from an expert witness containing an admissible expert opinion to support a prima facie case of professional negligence within three months of commencing this action unless good cause for an extension is granted within that time period.

[¶ 12] "A civil action is commenced by the service of a summons." N.D.R.Civ.P. 3. Greene served Matthys with a summons and complaint on November 24, 2015. The deadline for Greene to serve Matthys with an expert affidavit was February 24, 2015. On March 18, 2015, Matthys moved to dismiss Greene's claim, arguing she failed to comply with the terms of N.D.C.C. § 28-01-46. After a hearing on May 31, 2016, the district court issued an order and judgment granting Matthys's motion to dismiss. The district court stated:

It is undisputed Plaintiff did not file an expert witness affidavit within the three-month period. Plaintiff argued she had notified Matthys by letter of the name of her expert and the substance of his proposed testimony within the three month period and therefore, the essence of the statute had been met. But, the mandate of the statute is clear—it requires the plaintiff to serve "an affidavit containing an admissible expert opinion." Counsel's letter does not meet this requirement.

We hold the district court did not err in concluding Greene's attorney's letter did not qualify as an affidavit of an expert, and Greene failed to serve an affidavit within three months of commencing this action under N.D.C.C. § 28-01-46.

V

[¶ 13] Alternatively, Greene argues an affidavit from an expert witness should not be required because her injury falls under the "obvious occurrence" exception. Section 28-01-46, N.D.C.C., states "[t]his section does not apply to unintentional failure to remove a foreign substance from within the body of a patient, or performance of a medical procedure upon the wrong patient, organ, limb, or other part of the patient's body, or other obvious occurrence." "The 'obvious occurrence' exception applies only to cases that are plainly within the knowledge of a layperson. In an 'obvious occurrence' case, expert testimony is unnecessary precisely because a layperson can find negligence without the benefit of an expert opinion." Larsen, 498 N.W.2d at 191. Cases involving "technical surgical procedures" are generally "beyond the understanding of a layperson." Id.

[¶ 14] Greene argues as a result of her hip surgery, her left leg is two inches longer than her right leg. She argues this two-inch leg-length discrepancy is an "obvious occurrence." However, Greene's argument focuses on an obvious result after a technical surgical procedure. In order for this exception to apply, the occurrence that led to the result, not the result itself, must be obvious. This case is similar to Haugenoe.

[¶ 15] In Haugenoe, this Court affirmed a district court's determination that a surgical procedure that left the defendant's elbow misaligned and missing bone fragments was not an "obvious occurrence." 2003 ND 92, ¶ 11, 663 N.W.2d 175. This Court stated "technical surgical procedures, like the one performed in this case, are recognized as being beyond the understanding of a layperson." Id.; see also Larsen, 498 N.W.2d at 195. The result of Haugenoe's elbow surgery, which left his elbow misaligned and missing bone fragments, is similar to Greene's two-inch leg-length disparity. While Greene was subjected to a different type of surgery, a revision left total hip arthroplasty involving the femoral component, femoral head, and acetabular liner, similar to Haugenoe, the "occurrence" here took place during a surgery. As in Haugenoe, this is a technical surgical procedure beyond the understanding of a layperson. Therefore, the obvious occurrence exception does not apply, and Greene failed to meet the requirements of N.D.C.C. § 28–01–46 as a matter of law. See Haugenoe, at ¶ 9; Larson, 1999 ND 98, ¶ 13 n. 2, 593 N.W.2d 785; Larsen, 498 N.W.2d at 195 n. 2.

## VI

[¶ 16] We conclude N.D.C.C. § 28–01–46 is clear on its face, the statute required Greene to serve Matthys with an affidavit from an expert, and Greene has not met the requirements of N.D.C.C. § 28–01–46 as a matter of law. Therefore, we affirm the district court's judgment dismissing Greene's claim against Matthys.

[¶ 17] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.