Crothers, Justice.
[¶1] Tessa Bride, as personal representative of the estate of John Pelkey, appeals from an order dismissing without prejudice her medical malpractice action against Trinity Hospital, Marc Eichler, M.D., Kim Koo, M.D., and unnamed others. We affirm because Bride failed to serve an affidavit containing an admissible expert opinion supporting a prima facie case of professional negligence within three months of the commencement of the action and failed to request an extension of the time period to serve the affidavit within the three months as required by N.D.C.C. § 28-01-46.
I
[¶2] On September 11, 2015, Pelkey fell at home and was transferred to Trinity where he was treated for spinal cord injuries. Neurosurgeons Dr. Eichler and Dr. Koo both operated on him. On September 20, 2015, Pelkey fell at the hospital and sustained serious injuries. Pelkey died on February 2, 2017. On September 14, 2017, Bride sued Trinity, the physicians and other unnamed persons alleging medical malpractice in their treatment and care of *419 Pelkey. In her complaint Bride stated "[a]n admissible expert opinion pursuant to [N.D.C.C.] § 28-01-46 has been obtained ... to support these allegations." On April 23, 2018, after three months passed without an affidavit being served and without a request for an extension of time to serve the affidavit, Trinity and the physicians sought summary judgment dismissal of the action for Bride's failure to comply with N.D.C.C. § 28-01-46. The district court granted the motion and dismissed the action without prejudice.
II
[¶3] In Greene v. Matthys , 2017 ND 107, ¶ 6, 893 N.W.2d 179, we explained:
" Section 28-01-46, N.D.C.C., requires a district court to dismiss an action without prejudice when a plaintiff fails to meet the requirements of this statute. '[A] dismissal without prejudice is ordinarily not appealable.' Scheer v. Altru Health System , 2007 ND 104, ¶ 9, 734 N.W.2d 778 (citations omitted) (quotation marks omitted). 'However, a dismissal without prejudice may be final and appealable if the plaintiff cannot cure the defect that led to dismissal, or if the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum.' Id. (quoting Rodenburg v. Fargo-Moorhead Y.M.C.A. , 2001 ND 139, ¶ 12, 632 N.W.2d 407 )."
[¶4] Section 28-01-18(3), N.D.C.C., provides a two-year statute of limitations for medical malpractice claims. See White v. Altru Health Sys. , 2008 ND 48, ¶ 6, 746 N.W.2d 173. As in Greene , the statute of limitations has expired on Bride's medical malpractice claim, foreclosing further litigation in this state. Therefore, we conclude the dismissal without prejudice is appealable.
III
[¶5] Bride argues the district court erred in dismissing her medical malpractice action.
[¶6] In Ayling v. Sens , 2019 ND 114, ¶ 9, 926 N.W.2d 147, we recently explained:
" 'An action barred by a statute of limitations generally is dismissed under the summary judgment standards of N.D.R.Civ.P. 56.' Estate of Nelson , 2015 ND 122, ¶ 6, 863 N.W.2d 521 (citing Riemers v. Omdahl , 2004 ND 188, 687 N.W.2d 445 ; Dimond v. State Bd. of Higher Ed. , 2001 ND 208, 637 N.W.2d 692 ). Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from the facts, or if the only issues to be resolved are questions of law. Sorenson v. Bakken Invs., LLC , 2017 ND 127, ¶ 6, 895 N.W.2d 302. In deciding whether the district court properly granted summary judgment, we view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences that can reasonably be drawn from the record. Id. Summary judgment is a question of law which we review do novo on the entire record. Id. "
[¶7] Section 28-01-46, N.D.C.C., provides in relevant part:
"Any action for injury or death alleging professional negligence by a physician, nurse, hospital ... must be dismissed without prejudice on motion unless the plaintiff serves upon the defendant an affidavit containing an admissible expert opinion to support a prima facie case of professional negligence within three months of the commencement of the action. The court may set a later date for serving the *420 affidavit for good cause shown by the plaintiff if the plaintiff's request for an extension of time is made before the expiration of the three-month period following commencement of the action.... This section does not apply to unintentional failure to remove a foreign substance from within the body of a patient, or performance of a medical procedure upon the wrong patient, organ, limb, or other part of the patient's body, or other obvious occurrence."
Statutory interpretation is a question of law fully reviewable on appeal, and we give words in a statute their plain, ordinary and commonly understood meaning. See Arnegard v. Arnegard Twp., 2018 ND 80, ¶ 11, 908 N.W.2d 737.
[¶8] No affidavit containing an admissible expert opinion was served within three months of the commencement of the action. Although Bride stated in her complaint that an admissible expert opinion supporting her allegations had been obtained, this does not satisfy the affidavit requirement. See Greene , 2017 ND 107, ¶ 12, 893 N.W.2d 179 (attorney's letter naming expert and setting forth proposed testimony did not satisfy statutory requirement of an affidavit). Section 28-01-46, N.D.C.C., unambiguously states the district court may set a later date for serving the affidavit "if the plaintiff's request for an extension of time is made before the expiration of the three-month period following commencement of the action." Bride did not request an extension before expiration of the three-month period. Absent service of an affidavit or an extension of time, the court was required as a matter of law to grant the defendants' request to dismiss the action without prejudice.
[¶9] Bride contends she substantially complied with the affidavit requirement as permitted under Scheer v. Altru Health Sys. , 2007 ND 104, ¶ 23, 734 N.W.2d 778. In Scheer this Court interpreted the statute as it existed at the time and held a plaintiff could establish good cause for an extension in response to a motion to dismiss made after the three-month period expired because "[t]he plain language of the statute does not ... provide when or how a plaintiff can show good cause for additional time to serve the expert affidavit and thus avoid dismissal." Id. In Scheer the Court did not follow a contrary decision of the United States Eighth Circuit Court of Appeals interpreting the statute to require the plaintiff to show good cause for an extension before the three-month period expired and before the defendant moved to dismiss. See Weasel v. St. Alexius Med. Ctr. , 230 F.3d 348, 353 (8th Cir. 2000). Bride argues we should follow Scheer because the case "captures the spirit and intent behind the affidavit of merit requirement."
[¶10] First, the letter of a clear and unambiguous statute cannot be disregarded under the pretext of pursuing its spirit. N.D.C.C. § 1-02-05 ; Arnegard , 2018 ND 80, ¶ 11, 908 N.W.2d 737. Second, the language, "if the plaintiff's request for an extension of time is made before the expiration of the three-month period following commencement of the action," was added to the statute in 2009 to overrule Scheer and "reinstat[e] the Weasel interpretation." Hearing on H.B. 1302 Before the Senate Judiciary Committee , 61st N.D. Legis. Sess. (March 10, 2009) (written testimony of Dean Haas, general counsel for the N.D. Medical Association); 2009 N.D. Sess. Laws ch. 274, § 1. Bride also relies on several New Jersey decisions requiring an accelerated case management conference before expiration of the time for filing an expert's sworn statement so that concerns over an affidavit of merit can be addressed. See, e.g. , *421 A.T. v. Cohen , 231 N.J. 337, 175 A.3d 932, 938-40 (2017). However, these cases are unpersuasive based on the unambiguous language of N.D.C.C. § 28-01-46 as amended in 2009.
[¶11] Bride argues the defendants waived their right to rely on N.D.C.C. § 28-01-46 because they stipulated to a scheduling plan with deadlines for the exchange of expert information without objecting or demanding an expert affidavit. The statute does not require an objection or a demand by the defendant. Although Scheer , 2007 ND 104, ¶ 25, 734 N.W.2d 778, suggested a defendant may agree to a different deadline for the plaintiff to serve the expert affidavit, the stipulation in this case does not mention the expert affidavit. The defendants did not waive their right to rely on N.D.C.C. § 28-01-46.
[¶12] Bride claims her delay in providing the expert's affidavit of merit was excused because the defendants delayed providing Pelkey's medical records. We reject the claim because the remedy is to seek an extension of time under the statute.
[¶13] Bride argues her case falls within the "obvious occurrence" exception to N.D.C.C. § 28-01-46 for which an expert affidavit of merit is not required. Whether the "obvious occurrence" exception applies is a mixed question of fact and law, where the underlying predicate facts are treated as findings of fact and the conclusion whether those facts meet the legal standard is a question of law. See Pierce v. Anderson , 2018 ND 131, ¶¶ 10-11, 912 N.W.2d 291.
[¶14] The requirement of an expert affidavit "does not apply to unintentional failure to remove a foreign substance from within the body of a patient, or performance of a medical procedure upon the wrong patient, organ, limb, or other part of the patient's body, or other obvious occurrence." N.D.C.C. § 28-01-46. The "obvious occurrence" exception applies only to " 'a blunder so egregious that a layman is capable of comprehending its enormity.' " Pierce , 2018 ND 131, ¶ 12, 912 N.W.2d 291 (quoting Johnson v. Bronson , 2013 ND 78, ¶ 12, 830 N.W.2d 595 ). As we explained in Cartwright v. Tong , 2017 ND 146, ¶ 12, 896 N.W.2d 638 :
" 'The "obvious occurrence" exception applies only to cases that are plainly within the knowledge of a layperson. In an "obvious occurrence" case, expert testimony is unnecessary precisely because a layperson can find negligence without the benefit of an expert opinion.' Larsen v. Zarrett , 498 N.W.2d 191, 195 (N.D. 1993). Generally, technical surgical procedures are recognized as beyond the understanding of a layperson. Id. 'In order for this exception to apply, the occurrence that led to the result, not the result itself, must be obvious.' Greene v. Matthys , 2017 ND 107, ¶ 14, 893 N.W.2d 179."
[¶15] Bride alleged the defendants "failed to properly diagnose, monitor, medicate and treat Mr. Pelkey." Bride also alleged:
"Defendants were further negligent in the following respects:
a. Failure to ensure Mr. Pelkey was safe from falling while in the hospital;
b. Failure to adequately protect his neck (cervical spine);
c. Failure to adequately instruct other personnel to assist Mr. Pelkey to avoid injury;
d. Failure to adequately train and instruct Defendant's [sic] agents, employees, or representative of the precautions for fall risk of Mr. Pelkey;
*422 e. Failure to timely perform decompressive surgery or otherwise treat Mr. Pelkey;
f. Failure to assign a competent person or persons to care for and supervise Mr. Pelkey."
[¶16] This case cannot be classified as an "obvious occurrence." Bride's allegations relate to technical surgical procedures that are beyond the comprehension of a layperson. Furthermore, claims of inadequate follow-up or post-operative care ordinarily require expert testimony regarding the appropriate standard of care. See, e.g. , Mazzone v. Holmes , 197 Ill.App.3d 886, 145 Ill.Dec. 416, 557 N.E.2d 186, 194 (1990) ; Cox v. Jones , 470 N.W.2d 23, 26 (Iowa 1991) ; Karrigan v. Nazareth Convent & Acad., Inc. , 212 Kan. 44, 510 P.2d 190, 195 (1973) ; Beane v. Perley , 99 N.H. 309, 109 A.2d 848, 850 (1954) ; Tomasi v. Liao , 63 S.W.3d 62, 65-66 (Tex.Ct.App. 2001) ; cf. Schwartz v. Ghaly , 318 N.W.2d 294, 297-99 (N.D. 1982) (upholding admission of expert testimony on post-operative care). We agree with the defendants that "[w]hether fall-precautions and decisions to proceed with surgical fusion or to mechanically stabilize were 'appropriate,' and whether monitoring was 'adequate' cannot be answered without resort to a medical standard of care." The "obvious occurrence" exception does not apply in this case.
IV
[¶17] We affirm the order dismissing Bride's action without prejudice because Bride failed to timely serve an affidavit containing an admissible expert opinion in compliance with N.D.C.C. § 28-01-46.
[¶18] Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.