FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
OCTOBER 26, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2023 ND 197

Randy Dean Severance,                                    Plaintiff and Appellant

   v.

Dr. Brenden Jeron Howe,                                 Defendant and Appellee

No. 20230084

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Randy D. Severance, Ryder, ND, plaintiff and appellant.

Duane A. Lillehaug (argued), Fargo, ND, Meggi R. Ihland Pelton (appeared), Bismarck, ND, and Daniel J. Dunn (on brief), Fargo, ND, for defendant and appellee.

**Crothers, Justice.**

[¶1] Randy Severance appeals from a judgment dismissing his personal injury claim against Dr. Brenden Howe. The district court dismissed the case because Severance did not submit an affidavit containing an expert opinion to support a prima facie case of professional negligence as required by N.D.C.C. § 28-01-46. We hold Severance pleaded a cognizable claim for the intentional tort of battery and that N.D.C.C. § 28-01-46 does not apply to intentional torts. We reverse the dismissal judgment and remand for further proceedings.

I

[¶2] Severance brought his claim against Howe in small claims court. His claim affidavit stated in full:

> "I was a patient of Dr. Howe, seeking relief from occasional back and neck pain. On a personal whim, Dr. Howe decided that I also had an elbow problem. Without my consent, he performed unwanted manipulations, repeatedly and forcefully hyperextending my elbow. This resulted in a serious, traumatic elbow injury. My elbow was not in pain prior to Dr. Howe's inappropriate and excessive manipulations, and I had no desire to have it manipulated. As a result of his actions, my right arm was virtually crippled for over 7 months, with serious pain upon light activity. After a period of recovery and extensive physical therapy, my arm still has ongoing pain, stiffness, and impaired functionality."

Howe removed the claim to district court and filed an answer. Howe admitted he performed chiropractic adjustments on Severance but denied they were done without Severance's consent. Severance did not amend his claim affidavit.

[¶3] More than a year after the case was removed, Howe moved to dismiss under N.D.C.C. § 28-01-46 arguing Severance was required to produce an expert opinion within three months of his claim and Severance failed to do so. Severance admitted he did not provide an expert opinion. He sought leave to

file an amended claim explicitly specifying a cause of action for medical battery. He resisted the dismissal motion arguing in part that an expert opinion was unnecessary because his claim constituted the intentional tort of medical battery and § 28-01-46 only applies to professional negligence claims.

[¶4]   The district court dismissed the case because Severance did not provide a timely expert opinion as required by N.D.C.C. § 28-01-46. The court explained "the North Dakota Supreme Court does not acknowledge a clear difference between . . . 'no consent' and 'inadequate consent,'" and "there is no claim for any form of medical malpractice whereby a Plaintiff would not need to disclose an expert for a lack of consent in a medical procedure." The court denied Severance's motion for leave to amend his complaint and entered an order dismissing the case without prejudice. Severance appeals.

II

[¶5]   A dismissal without prejudice is generally not appealable. *Scheer v. Altru Health Sys.*, 2007 ND 104, ¶ 9, 734 N.W.2d 778. Severance's claim is for injuries he allegedly sustained in 2019. Both parties agree the two-year statute of limitations has run in this case. *See* N.D.C.C. § 28-01-18(1) and (3) (claims for battery and malpractice must be commenced within two years after they accrue). The dismissal judgment effectively forecloses future litigation of Severance's claim and is therefore appealable. *See Cartwright v. Tong*, 2017 ND 146, ¶¶ 5-7, 896 N.W.2d 638 (holding dismissal judgment under N.D.C.C. § 28-01-46 issued after expiration of limitation period was appealable).

[¶6]   "We have not precisely defined the standard of review to be employed by this court in reviewing a trial court's dismissal of a medical malpractice action under § 28-01-46, N.D.C.C., or the standard to be used by the trial court in making its initial determination on the motion." *Larsen v. Zarrett*, 498 N.W.2d 191, 195 n. 2 (N.D. 1993). We have repeatedly noted the standard to be applied when reviewing decisions under N.D.C.C. § 28-01-46 "may vary depending on the posture of the case before us." *Greene v. Matthys*, 2017 ND 107, ¶ 8, 893 N.W.2d 179 (collecting cases).

[¶7] The district court dismissed this case assuming Severance's "claims were properly plead." The court held there is not a "specific unique claim of medical battery in North Dakota" and "there is no claim for any form of medical malpractice whereby a Plaintiff would not need to disclose an expert for a lack of consent in a medical procedure." Given the court dismissed Severance's claim as it was pled on legal grounds, we apply the N.D.R.Civ.P. 12(b)(6) standard of review.

[¶8] "The legal sufficiency of a claim is tested by a motion to dismiss under N.D.R.Civ.P. 12(b)(6)." *Puklich v. Puklich*, 2022 ND 158, ¶ 7, 978 N.W.2d 668.

> "[W]e construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint. A district court's decision granting a Rule 12(b)(6) motion to dismiss a complaint will be affirmed if we cannot discern a potential for proof to support it. We review a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo on appeal."

*Id.* (alteration in original) (quoting *Atkins v. State*, 2021 ND 83, ¶ 9, 959 N.W.2d 588).

### III

[¶9] Resolution of this appeal turns on the distinction between the tort of medical battery and medical malpractice. We have noted the distinction between a medical battery claim, "which involves a total lack of consent for an act," and a negligent non-disclosure claim "involving the absence of informed consent." *Hopfauf v. Hieb*, 2006 ND 72, ¶ 11 n. 2, 712 N.W2d 333. Many jurisdictions, "including our own," have "blurred" the differences between the doctrines. *Id.* Based on the posture of previous appeals, we have left "clarification of these concepts" for "another day." *Id.*; *see also Cartwright*, 2017 ND 146, ¶ 9 n. 1 (noting claims arguably should have been analyzed as medical battery but declining to do so under the law of the case doctrine).

[¶10] The torts of battery and negligence serve different functions and provide different avenues for recovery. *Mayr v. Osborne*, 795 S.E.2d 731, 735-36 (Va.

3

2017). Battery protects a person's physical integrity and control over his body. *Id.* at 736. At its core, the tort of battery operates to protect an individual's right to avoid intentional bodily contact. *Id.* On the other hand, the tort of negligence serves to encourage the exercise of reasonable care. *Id.* Obtaining a patient's informed consent relates to a doctor's duty of care, specifically the "duty of a doctor to disclose pertinent information to a patient," including "available choices for treatment and the material and known risks involved with each treatment." *Cartwright*, 2017 ND 146, ¶ 15.

[¶11] The difference between the torts implicates whether a plaintiff is required to present expert testimony to prove his claim. *Humboldt Gen. Hosp. v. Sixth Jud. Dist. Ct.*, 376 P.3d 167, 172 (Nev. 2016). In lack of informed consent cases, the plaintiff must prove a doctor failed to provide information the medical community would require a patient to know before giving consent. *Id.* This involves assessing a doctor's degree of care and skill, which is often beyond the knowledge of a lay jury and requires expert evidence. *Mayr*, 795 S.E.2d at 736; *see also Winkjer v. Herr*, 277 N.W.2d 579, 585 (N.D. 1979) (holding expert evidence is generally required for medical malpractice claims under the common law). Expert evidence is not required for a plaintiff to prove medical battery because a lay jury can determine whether a person provided no consent at all to a touching. *Humboldt Gen Hosp.*, at 172. The differences between the torts are clear in theory. The differences become blurry in practice when cases present scope-of-consent fact patterns. *See, e.g., Kohoutek v. Hafner*, 383 N.W.2d 295, 298 (Minn. 1986) (stating battery exists when a physician fails to disclose "a very material aspect of the nature and character" of a procedure).

A

[¶12] Severance asserts his battery claim is a viable cause of action recognized by the common law. The district court rejected his argument because this Court has not acknowledged "a clear difference" between "no consent" and "inadequate consent," and the law "pertaining to medical battery" is currently "unsettled."

4

[¶13] The tort of battery exists at common law. *Felder v. Casey*, 487 U.S. 131, 146 n. 3 (1988); *see also Mills v. Rogers*, 457 U.S. 291, 294 n. 4 (1982) (stating the right to refuse medical treatment emerged in part from the common law tort of battery). "No right is held more sacred, or is more carefully guarded by the common law, than the right of every individual to the possession and control of his own person. . . ." *Union Pac. Ry. Co. v. Botsford*, 141 U.S. 250, 251-52 (1891) (discussing battery in context of the common law). The common law is "the basic law applicable to civil rights and remedies not defined by [ ] statute." *Estate of Conley*, 2008 ND 148, ¶ 25, 753 N.W.2d 384 (quoting *Tarpo v. Bowman Pub. Sch. Dist.*, 232 N.W.2d 67, 70 (N.D. 1975)). Battery is not defined by statute in North Dakota. Under our case law, a person is civilly liable for offensive-contact battery if he or she (1) "acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact," and (2) "an offensive contact with the person of the other directly or indirectly results." *Wishnatsky v. Huey*, 1998 ND App 8, ¶ 7, 584 N.W.2d 859 (quoting Restatement (Second) of Torts § 18 (1965)). Although we have yet to review an appeal dealing with a claim of battery in the medical context, absent a statute to the contrary, it exists as a cause of action in this state. *See* N.D.C.C. § 1-01-03 (incorporating the common law); N.D.C.C. § 1-01-06 (there is no common law in cases where the law is declared by code).

[¶14] The district court also rejected Severance's battery claim because he did not provide "a definition or the elements of a proposed medical battery claim in North Dakota," and given "the lack of argument presented," the court was not persuaded "to adopt a new area of law." North Dakota is a notice-pleading state. *Estate of Hill*, 492 N.W.2d 288, 296 (N.D. 1992). "North Dakota's rules do not require plaintiffs to 'allege every element of their claim.'" *Tibert v. Minto Grain, LLC*, 2004 ND 133, ¶ 18, 682 N.W.2d 294 (quoting *Kaler v. Kraemer*, 1998 ND 56, ¶ 7, 574 N.W.2d 588). "With the adoption of notice pleading in North Dakota, the formal character of the complaint no longer strictly determines the cause of action." *Estate of Hill*, at 296.

[¶15] Severance pled he "had no desire" for his elbow to be manipulated by Howe, and "[w]ithout my consent, he performed unwanted manipulations,

repeatedly and forcefully hyperextending my elbow." Severance argues "Howe's actions . . . constitute a willful disregard of Severance's previous refusal . . . to have his elbow treated by Howe." Howe presents a different version of the events. But these factual disagreements have no bearing on whether a claim for medical battery exists in North Dakota or whether Severance pleaded facts to support such a claim. Battery is a common law tort, and under our notice pleading rules, Severance pleaded facts sufficient to raise a battery claim.

[¶16] Howe argues we should follow *Linog v. Yampolsky*, 656 S.E.2d 355, 358 (S.C. 2008), which held "no independent cause of action for medical battery exists in South Carolina" and claims against medical providers "involving lack of or revocation of consent" for "a physical touching within the medical context" require expert testimony. We decline to follow *Linog* to the extent it would foreclose all battery claims based on lack of consent in the medical context. Medical providers are capable of committing battery within the context of the provider-patient relationship. *See, e.g., Doe v. Nassar*, Case No. 8:18-cv-1117, 2018 WL 6430543, at *1 (C.D. Cal. Aug. 2, 2018) ("Nassar was convicted of sexually molesting minors while serving as a doctor for USA Gymnastics, and Plaintiffs are among his many victims."); *Appell v. Muguerza*, 329 S.W.3d 104, 107 (Tex. Ct. App. 2010) (patient alleged doctor punched her in an examination room at the doctor's office); *Dunford v. Tryhus*, 2009 ND 212, ¶ 2, 776 N.W.2d 539 (plaintiff alleged dentist sexually abused him as a child). We decline to remove claims for battery in the medical context from our common law. Whether to abrogate some or all of such common law claims is a policy matter for the Legislature to decide.

B

[¶17] Severance argues the expert disclosure requirement under N.D.C.C. § 28-01-46 does not apply to his claim for medical battery. We agree.

[¶18] Section 28-01-46, N.D.C.C., applies to medical malpractice negligence actions: It states:

> "Any action for injury or death alleging professional negligence by [various healthcare providers and institutions] must be dismissed

6

without prejudice on motion unless the plaintiff serves upon the defendant an affidavit containing an admissible expert opinion to support a prima facie case of professional negligence within three months of the commencement of the action. . . . This section does not apply to unintentional failure to remove a foreign substance from within the body of a patient, or performance of a medical procedure upon the wrong patient, organ, limb, or other part of the patient's body, or other obvious occurrence."

[¶19] Statutory interpretation presents a question of law that is fully reviewable on appeal. *Gonzales v. Perales*, 2023 ND 145, ¶ 4, 994 N.W.2d 183.

> "Our primary goal in interpreting statutes is to ascertain the Legislature's intentions. In ascertaining legislative intent, we first look to the statutory language and give the language its plain, ordinary and commonly understood meaning. We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage."

*State v. Gardner*, 2023 ND 116, ¶ 7, 992 N.W.2d 535 (quoting *State v. Gaddie*, 2022 ND 44, ¶ 17, 971 N.W.2d 811).

[¶20] Howe does not challenge the district court's holding that N.D.C.C. § 28-01-46 applies to chiropractors. Section 28-01-46 was amended in 2005. *See* 2005 N.D. Sess. Laws ch. 280, § 1. The amendments added the language "alleging professional negligence" to qualify the words "[any] action for injury or death." The amendments make clear § 28-01-46 applies only to actions "alleging professional negligence." Battery is an intentional tort. It does not require a finding of negligence. "A physician may perform an operation with great skill and nevertheless be liable for a battery if the patient did not consent." *Mayr*, 795 S.E.2d at 736. By its plain language § 28-01-46 does not apply to Severance's claim for battery.

[¶21] Howe argues that even if N.D.C.C. § 28-01-06 does not apply, the case should be dismissed because Severance cannot prove causation and damages without expert testimony. Howe relies on negligence cases and a no-fault insurance decision to support his argument. However, evidence of causation

and damages is not required for Severence to prove a battery. *See Wishnatsky*, 1998 ND App 8, ¶¶ 6-7 (discussing the elements of battery and noting the tort does not require proof of physical harm); *see also Reynolds v. MacFarlane*, 322 P.3d 755, 760 (Utah Ct. App. 2014) (stating common law battery does not require an injury and if successful a plaintiff is entitled to at least nominal damages); *Banks v. Fritsch*, 39 S.W.3d 474, 480 (Ky. Ct. App. 2001) (same). The absence of an expert opinion to prove causation and damages is not grounds for dismissing Severance's battery claim.

IV

[¶22] We reverse the dismissal judgment and remand the case for further proceedings.

[¶23] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr