# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 123

Casey J. Kubal,                            Plaintiff and Appellant

v.

Kari J. Anderson,                         Defendant and Appellee

## No. 20240007

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Mark C. Sherer, Dickinson, ND, for plaintiff and appellant; submitted on brief.

Morgan M. Jacobs, Dickinson, ND, for defendant and appellee; submitted on brief.

**Crothers, Justice.**

[¶1]    Casey Kubal appeals from an order dismissing his claim against Kari Anderson for primary residential responsibility of their children. The district court dismissed the case for lack of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, N.D.C.C. ch. 14-14.1. We reverse and remand concluding the record is inadequate to determine whether subject matter jurisdiction exists under the UCCJEA.

I

[¶2]    Kubal and Anderson share two minor children who were eight and three at the time of these proceedings. Kubal and Anderson lived together in North Dakota. It is undisputed that in March 2022, Anderson moved to South Dakota with the children. The parties also agree that in April 2022 she commenced litigation in South Dakota to establish primary residential responsibility of the children. In August 2023, Kubal served Anderson with the summons and complaint in this case, which were filed with the district court in October 2023. Anderson moved to dismiss arguing North Dakota is an inconvenient forum because she had already commenced litigation in South Dakota and the children continue to remain there.

[¶3]    The district court entered an order dismissing the case. The court decided the matter based on the pleadings and motion papers because neither party requested a hearing. The court also noted the parties failed to provide information regarding the South Dakota proceeding. Absent this information, the court relied on the parties' pleadings alone, which indicated a South Dakota court may have stayed its proceedings or dismissed the case. The North Dakota district court concluded it lacked jurisdiction because North Dakota was not the children's home state when Kubal commenced this case. The court alternatively ruled that if it had jurisdiction North Dakota would be an inconvenient forum. Kubal appeals.

II

[¶4]    The Uniform Child Custody Jurisdiction and Enforcement Act, N.D.C.C. ch. 14-14.1, governs cases involving interstate custody disputes. Under N.D.C.C. § 14-14.1-12(2), the "exclusive jurisdictional basis" for child custody determinations is N.D.C.C. § 14-14.1-12(1), which provides:

"1. Except as otherwise provided in section 14-14.1-15 [(regarding temporary emergency jurisdiction)] a court of this state has jurisdiction to make an initial child custody determination only if:

a. This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

b. A court of another state does not have jurisdiction under subdivision a, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 14-14.1-18 or 14-14.1-19, and:

(1) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(2) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

c. All courts having jurisdiction under subdivision a or b have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 14-14.1-18 or 14-14.1-19; or

d. No court of any other state would have jurisdiction under the criteria specified in subdivision a, b, or c."

[¶5]    Whether the UCCJEA provides subject matter jurisdiction over a child custody proceeding presents a mixed question of law and fact. *Schirado v. Foote*, 2010 ND 136, ¶ 7, 785 N.W.2d 235. Findings of fact are subject to the clearly erroneous standard of review. *Id.* "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made." *Kemmet v. Kemmet*, 2024 ND 65, ¶ 5, 5 N.W.3d 509 (quoting *Berdahl v. Berdahl*, 2022 ND 136, ¶ 6, 977 N.W.2d 294). Legal questions, including issues of statutory interpretation, are fully reviewable on appeal. *Severance v. Howe*, 2023 ND 197, ¶ 19, 997 N.W.2d 99.

"Our primary goal in interpreting statutes is to ascertain the Legislature's intentions. In ascertaining legislative intent, we first look to the statutory language and give the language its plain, ordinary and commonly understood meaning. We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage."

*Id*. (quoting *State v. Gardner*, 2023 ND 116, ¶ 7, 992 N.W.2d 535).

A

[¶6]    Kubal argues the district court erred when it decided North Dakota was not the children's home state. The court found the children had been living in South Dakota for more than a year when Kubal initiated this action. Kubal does not dispute the court's finding but instead argues the court erred because North Dakota was the children's home state when Anderson filed the South Dakota case. We disagree. Among other requirements, N.D.C.C. § 14-14.1-12(1)(a) authorizes a "court of this state" to make an initial custody determination if North Dakota is the child's home state "on the date of the commencement of the proceeding," or if there is a parent remaining in the state, North Dakota was the child's home state "within six months before the commencement of the proceeding." The word "commencement" is defined as "the filing of the first pleading in a proceeding." N.D.C.C. § 14-14.1-01(4). We read the word "proceeding" to refer to the case in which jurisdiction is being invoked—i.e., the jurisdiction of "a court of this state." The district court did not err when it analyzed the children's home state status based on when this North Dakota action was commenced.

[¶7]    Kubal alternatively argues Anderson waived this jurisdictional issue. He asserts Anderson, in her pleadings and briefing, conceded North Dakota is the children's home state and "[t]hat concession should have persuaded the District Court to retain jurisdiction." However, as a cardinal rule, subject matter jurisdiction is provided by law and "cannot be conferred by agreement, consent, or waiver." *State v. Winegar*, 2017 ND 106, ¶ 6, 893 N.W.2d 741 (addressing jurisdiction under the UCCJEA); *see also* Uniform Child Custody Jurisdiction and Enforcement Act (1997) § 201, cmt. 2 ("Since jurisdiction to make a child custody determination is subject matter jurisdiction, an agreement of the parties to confer jurisdiction on a court that would not otherwise have jurisdiction under this Act is ineffective."). The district court did not err when, based on the undisputed facts, it determined North Dakota is not the children's home state.

3

B

[¶8]    Jurisdiction may exist under the UCCJEA despite North Dakota not being the children's home state when this action was commenced. The district court may have jurisdiction when no other state is a child's home state or when a child's home state has declined to exercise its jurisdiction because North Dakota is a more appropriate forum. *See* N.D.C.C. § 14-14.1-12(1)(b)-(d). When a proceeding has been commenced in another state "having jurisdiction substantially in accordance with" the UCCJEA, "the court of this state shall stay its proceedings and communicate with the court of the other state." N.D.C.C. § 14-14.1-17(2). If the other state court has stayed or terminated its proceeding because North Dakota is a more convenient forum, the district court may exercise jurisdiction. N.D.C.C. § 14-14.1-17(1).

[¶9]    The district court in this case determined it would have jurisdiction "only if" North Dakota was the children's home state. The court did not address the three other grounds for jurisdiction under N.D.C.C. § 14-14.1-12(1). The record is inadequate to do so. The court was aware a proceeding had been commenced in South Dakota, but it did "not know exactly what is ordered" or "if the proceedings in South Dakota have been stayed or actually terminated." South Dakota has also adopted the Uniform Child Custody Jurisdiction and Enforcement Act (1997), and South Dakota's jurisdictional provisions are substantially similar to ours. *See* S.D. Codified Laws § 26-5B-201 (initial child-custody jurisdiction); S.D. Codified Laws § 26-5B-206 (simultaneous proceedings). The nature of the rulings in South Dakota and the status of those proceedings are necessary to determine whether the district court has jurisdiction, and if so, whether the N.D.C.C. § 14-14.1-17 simultaneous proceeding provisions apply. Jurisdiction may exist under the UCCJEA if the South Dakota court determined it lacked jurisdiction because it was not the children's home state when the proceeding commenced or if the South Dakota court determined it has jurisdiction but North Dakota is a more appropriate forum. *See* N.D.C.C. § 14-14.1-12(1)(b).

[¶10]  Granting Anderson's motion to dismiss with knowledge that a proceeding in another state may exist but without understanding what has occurred in that proceeding is contrary to the purpose of the UCCJEA. The UCCJEA was meant to promote cooperation between courts of different states and to prevent manipulation of the judicial system and undue complication of child custody disputes. *Interest of D.S.*, 602 S.W.3d 504, 513 (Tex. 2020); *Zimmerman v. Biggs*, 848 N.W.2d 653, 656 (Neb. Ct. App. 2014). "Judicial cooperation is one of the methods intended to eliminate simultaneous proceedings, and the UCCJEA

4

provides mechanisms for courts to cooperate with each other." *Harshberger v. Harshberger*, 2006 ND 245, ¶¶ 12-13, 724 N.W.2d 148 (stating communication by courts of different jurisdictions prevents contradictory orders "which is the antithesis of what the UCCJEA was designed to accomplish"); *see also Zimmerman v. Newton*, 1997 ND 197, ¶ 14, 569 N.W.2d 700 ("We also expect our North Dakota courts to communicate with courts of other states on the record to identify the more appropriate forum."); *Smith v. Smith*, 534 N.W.2d 6, 9 (N.D. 1995) ("Discussions between judges . . . promotes cooperation between the states and can help to avoid re-litigation of similar issues.").

[¶11] The parties in this case were legally required to provide the district court with information regarding the South Dakota proceedings. *See* N.D.C.C. § 14-14.1-20(1)(b) and (3) (requiring the parties to give information under oath concerning other proceedings). They also have a continuing duty to keep the court informed about those proceedings. *See* N.D.C.C. § 14-14.1-20(4) (stating the parties have "a continuing duty to inform the court of any proceeding in this or any other state that could affect the current proceeding"). The court was required to review the documents the parties should have provided from the South Dakota proceeding. *See* N.D.C.C. § 14-14.1-17(2) (stating the district court "shall examine the court documents and other information supplied by the parties under section 14-14.1-20"). The court had authority to order the parties to provide the information when they failed to comply with the law, *see* N.D.C.C. § 14-14.1-20(2), and to examine the parties under oath as to matters pertinent to the court's jurisdiction, *see* N.D.C.C. § 14-14.1-20(3). Absent this information, the record is inadequate to assess whether the UCCJEA provides subject matter jurisdiction. For this reason, we decline to address the propriety of the court's alternative determination that North Dakota is an inconvenient forum because jurisdiction must exist for that determination to be made. *See* N.D.C.C. § 14-14.1-18 (stating a "court of this state which has jurisdiction" may decline to exercise its jurisdiction if it determines North Dakota is an inconvenient forum).

III

[¶12] The record is inadequate to determine whether jurisdiction exists under the UCCJEA. The dismissal order is reversed, and the case is remanded for further proceedings consistent with this decision.

[¶13]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte

Douglas A. Bahr